By the Court—Woodruff, J.
I concur fully with the referee in the principles which he has adopted in disposing of this case. The partners Ames and Barnes, had no right to engage in any other business than that of the co-partnership, nor to use the funds or credit of the firm in any manner except for the co-partnership benefit. This whole business was done in the name of the firm—the money and notes of the firm were advanced therefor; now, although then co-partners had a right to treat this as a violation of the co-partnership agreement, (if it was beyond the actual scope of the business provided for in that agreement), and to hold Ames and Barnes liable for any damages, yet they had the option to adopt the acts of Ames and Barnes, and claim a joint benefit in and share of the business so carried on with the means and credit of the firm, and have the property thereby acquired treated as copartnership property. The acts themselves, and the attempt to appropriate the business to the separate benefit of Ames and Barnes were a fraud upon the other partners, however it may be that they supposed they had a right to make such appropriation, and in that sense acted without intentional wrong. The acts were nevertheless a fraud upon the rights of the co-partners, and it is alleged that they were not discovered until after the settlement. This allegation is not denied. There is then fraud and concealment, and a discovery after the accounts are settled. This is sufficient ground for opening the settlement and directing a further accounting.
*119 But in the application of those principles to the facts found, an error has been committed which requires correction.
The number of tables furnished and charged to the firm at 35 cents was, (as the referee has correctly found from the accounts), 6,236 amounting at 35 cents to $2,182 60 And the number furnished and charged to the firm at 45 cents was, (as the referee has also correctly found,) 6,131; amounting at 45 cts.to, $2,758 94

*120

Which, if there were no other inaccuracy in the mode of stating the account, would be the sum in the hands of the defendants, belonging to the firm, for which they were bound.to account instead of $1,631.50, as found by the referee. But in consequence of errors in the following entries, viz.:

*121

But the greater error in the statement of the account by the referee, consists in his assuming that all the excess thus found is in the defendants’ hands. The proof is distinct and uncontradicted that the account of payments for those tables contains two notes of $500 each, (one dated November 1,1856, at four months, entered in the account under date December 31, and one dated November 1, 1856, at six months, entered under date February 25,) which two notes were paid to Morrill for the copyright and plates, and not for tables.
Now, as the plaintiff's by their complaint claim, and the referee has adjudged, that the whole transaction shall be deemed a joint or co-partnership affair, and as the plaintiffs claimed that the copyright and plates should be adjudged the property of the firm, and the referee did so adjudge, it follows that the firm should be charged with the cost of the copyright and plates. The firm should not take the plates and copyright without allowing the cost thereof in the accounting, as properly paid by the firm. It follows that, striking those notes out of the account, there has not been paid for tables so much by $1,000 as is above stated, and the actual amount received by the defendants Ames and Barnes, from the firm, for tables, more than they paid to Morrill, is, ($2,143.61, less $1,000,) $1,143.61. . Assuming the finding of the referee to be correct, that the cash payment of $1,000 was not only paid by the check of *122 the firm, but that it was not charged to Ames and Barnes in their individual accounts, nor refunded by them, this sum of $1,143.61 is the true amount with which Ames and Barnes should he charged in the final account, and which, with interest, should he awarded to the respective partners in the proportions stated by the referee: To William Herrick ten per cent or $114.37, with interest; Jonathan K. Herrick $285.90, with interest; to Thomas Rhoads and John E. Rhoads each $142.96, with interest.
The correctness of this will appear by an analysis of the ledger account in evidence.
The amount of actual debits to Morrill for cash or notes ostensibly paid him, appears thus:

And the respective amounts thereof to which the partners are entitled, are as follows :

*123

If the plaintiff chooses to consent to a rectification of the judgment conformable to this statement of the account, the judgment so corrected should he affirmed without costs on the appeal—the other parts of the judgment being, in our opinion, correct. If he do not so consent, a new trial must be ordered, with costs to abide the event.
Ordered accordingly.